UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60567-RAR/Strauss

**FRANK REYES**,

    Petitioner,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

    Respondent.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared Strauss's Report and Recommendation ("Report"), [ECF No. 13], filed on April 11, 2023. The Report recommends that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"), [ECF No. 1], filed by Petitioner, Frank Reyes, on March 17, 2022. *See* Report at 1, 42. The Report properly notified Petitioner of his right to object to Magistrate Judge Strauss's findings. *Id.* at 42. Petitioner timely filed objections to the Report ("Objections"), [ECF No. 14], on April 21, 2023. The Court having carefully reviewed the Report, the Objections, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Report, [ECF No. 13], is **AFFIRMED AND ADOPTED** as explained herein.

## LEGAL STANDARD

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v.*

*Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a *legal* ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

## ANALYSIS

Upon due consideration of the record, including Judge Strauss's Report and Petitioner's Objections thereto, the Court overrules the Objections and adopts the Report. In his Petition, Reyes seeks relief based on three grounds: (1) trial counsel provided ineffective assistance of counsel by failing to object to the jury instructions on self-defense and the duty to retreat ("Ground 1"); (2) a juror failed to disclose that he was a victim of a violent crime which either constituted new evidence that entitled Petitioner to a new trial or that his trial counsel rendered ineffective assistance by failing to properly question the juror ("Ground 2"); and (3) Petitioner's sentence of 40 years in prison is illegal because juvenile sentencing laws enacted after his conviction make his sentence grossly disproportionate to those of other juvenile homicide offenders, in violation of the Eighth Amendment ("Ground 3"). The Report recommends this Court deny the Petition on all three grounds. Petitioner objects to the Report's analysis on each of these three grounds. A careful review of the Report and underlying record clearly indicates that Magistrate Judge Strauss properly analyzed the relevant law in this case while giving due deference to the state court as mandated by AEDPA.

The Objections do not take issue with the Report's legal standard analysis as to the deference owed to state courts under AEDEPA, Rep. at 16–22, nor the Report's timeliness analysis, Rep. at 8–10. Upon review for plain error, the Court finds none and adopts these sections of the Report. Since the Objections address each of the initial three grounds upon which the Petition relies, the Court addresses each in turn.

A. Ground 1

Reviewing the Ground 1 Objections *de novo*, the Court agrees with the Report and denies the Petition as to Ground 1. Ground 1 involves trial counsel's failure to object to certain jury instructions given at the end of Petitioner's trial. Rep. at 22. Namely, Petitioner argued at trial that his shooting of the victim was in self-defense. *Id.* The jury was instructed, as agreed to by the state and defense counsel, "deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting [] another's attempt to murder him…." *Id.* at 23. Petitioner now argues that his counsel should have insisted that the instruction include attempts at aggravated battery and aggravated assault by the victim as additional justification for the use of deadly force. *Id.* Moreover, Petitioner argues that counsel should have objected to a separate instruction on the duty to retreat because it incorrectly implied that Petitioner had a duty to retreat. *Id.* at 24, 27. The Court agrees with the Report's recommendation regarding both jury instructions and addresses them in turn.

To begin, Petitioner made the argument regarding the self-defense jury instruction in state court in a Rule 3.850 Motion. The Report explains that in its response, the State contended that Petitioner failed to establish the "deficient performance" prong under *Strickland v. Washington* because there was no record evidence to support the inclusion of either aggravated battery or aggravated assault in instruction 3.6(f) on the justifiable use of deadly force. *Id.* at 25 (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). Because the State asserted that there was no record evidence that the victim committed an aggravated battery as defined by Fla. Stat. § 784.045 (2009) or an aggravated assault per Fla. Stat. § 784.021, it argued that those felonies would not have been properly included in the instructions even if trial counsel had asked for them. *Id.* (quotations omitted). The state trial court summarily denied Petitioner's Rule 3.850 Motion for the reasons contained in the State's Response. *Id.* After Petitioner appealed the trial court's ruling

to the Fourth District Court of Appeal, the Fourth District Court of Appeal *per curiam* affirmed the trial court's decision. *Id.*

As the Report correctly observes, Petitioner has failed to establish that the state courts unreasonably denied him relief. Rep. at 26 (citing *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1126 (11th Cir. 2012) (stating that the deference afforded to *Strickland* claims when viewed under the AEDPA lens is "doubly difficult for a petitioner to overcome")). Here, Petitioner did not present sufficient evidence at trial of the victim committing or attempting aggravated battery or aggravated assault. Additionally, Petitioner did not sufficiently argue that the evidence presented entitled him to an instruction under the state's self-defense law. Thus, this Court must defer to the state court's determination because it involves the interpretation of state law. *Id.* (citing *Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' we 'must defer to the state's construction of its own law' when the validity of the claim that appellate counsel failed to raise turns on state law." (citations omitted))).

In his Objections, Petitioner argues that the deference discussed in *Pinkney* does not apply here, and the Court can grant relief when the state court's determination is an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Obj. at 1 (citing *Walters v. Sec'y, Dep't of Corr.*, 8:20-CV-474-WFJ-AAS, 2023 WL 2633340, at *15 (M.D. Fla. Mar. 24, 2023) (recognizing difference when claim is premised on misapplication of state law or on unreasonable determination of the facts)). The Court disagrees, as Petitioner has presented no persuasive argument that the trial evidence warranted a different jury instruction. Having considered the arguments *de novo*, the Court concludes, as did the Report, that since the trial court could not have properly given the instructions that Petitioner argues his trial counsel

should have requested—*i.e.*, including aggravated assault and battery—the state court's conclusion that trial counsel's performance was not deficient is a reasonable one to which this Court owes deference.  *See* Rep. at 27.

The same is true regarding Petitioner's objection to the jury instruction regarding the duty to retreat.  As the Report correctly explains, the posture regarding this second jury instruction differs from the first in that the Court must review this question *de novo* because the state court did not address it.  *See id.* at 28.  As identified by the Report, the pertinent language in this jury instruction stated, "[i]f the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force."  *Id.*  Petitioner argues that because he *was* engaged in an unlawful activity at the time of the offense (the sale of marijuana), the instruction given by the trial court did not apply.  *Id.*  In his Objections, Petitioner argues "[t]he question here is not whether the model instruction was misstated, but that providing the model instruction under the circumstances of Reyes's case was erroneous."  Obj. at 3.

However, the Court agrees with the Report's conclusion that Petitioner has not shown that the failure of his trial counsel to both object and ask for a different jury instruction was prejudicial. Petitioner has not shown a reasonable likelihood that he would have been acquitted if his trial counsel had objected to the given standard instruction and requested the special instruction on the duty to retreat.  Rep. at 28–29.  The Report found, "Petitioner's brief does not describe any evidence suggesting that retreating would have increased his own danger, and having reviewed the trial transcript, I cannot find any such evidence."  *Id.* at 29 (internal citation omitted).  Considering the arguments *de novo*, the Court finds that Petitioner has failed to establish prejudice.

In addition to failing to establish prejudice, the Court agrees with the Report's conclusion that Petitioner has also failed to demonstrate deficient performance by counsel regarding this jury

instruction. *See id.* at 30. The jury instruction at issue is standard in Florida, and in Florida courts, standard instructions are presumed to be correct. *See Peters v. State*, 33 So. 3d 812, 814 (Fla. 4th DCA 2010). Considering the arguments *de novo*, the Court agrees with the Report that Petitioner's counsel did not perform deficiently by failing to object to a standard instruction that has not been invalidated by the Florida Supreme Court. *See Griffin v. State*, 866 So. 2d 1, 15 (Fla. 2003). Accordingly, Ground 1 fails regarding both jury instructions.

    B.  Ground 2

Second, reviewing the Objections to Ground 2 *de novo*, the Court agrees with the Report and denies the Petition as to Ground 2. The first juror in the *voir dire* panel initially stated he had been the victim of a crime, but no attorney followed up on that statement. Rep. at 30–31. And when the panel was later asked if anyone on the panel had ever been a victim of a violent crime or witness an act of violence, the juror did not respond. *Id.* After the trial, Petitioner learned the juror in question was a victim of an armed robbery during which he was shot in the stomach four years prior to the trial. *Id.* at 31. Petitioner now contends this was either newly discovered evidence that entitles him to a new trial or that his counsel rendered ineffective assistance by failing to properly question the juror. *Id.* The Court finds both arguments meritless.

As the Report concluded, Petitioner's newly discovered evidence and ineffective assistance of counsel arguments are incongruous. *Id.* at 33. First, Petitioner argues that neither he nor his counsel could have known the juror was a victim of a violent crime through due diligence. *Id.* But, if his counsel could not have known the juror was a victim of a violent crime, then counsel cannot have been constitutionally ineffective for failing to further question the juror. *Id.* at 33–34. The Court agrees with the Report that Petitioner did not establish that his counsel's failure to further question the juror amounts to an error "so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Additionally, the Report recommends the Court find that Petitioner has failed to exhaust, and therefore procedurally defaulted, his Sixth Amendment impartial jury claim because "nowhere in the Petition does Petitioner mention that Ground 2 includes allegations of ineffective assistance of counsel. Petitioner raises the issue of ineffective assistance of counsel regarding his counsel's failure to question [the juror] in his reply." Rep. at 32. In his Objections, Petitioner explains that he "clarified in the reply" that his counsel could not locate precedent in state postconviction proceedings. But, he nevertheless referenced ineffective assistance of counsel and made implicit reference to the right to be tried by an impartial jury due to the juror's "failure to disclose information that would have resulted in his removal from the jury." Obj. at 5.

The Court agrees with the Report that "arguments raised for the first time in a reply brief are deemed waived." Rep. at 32 (citing *United States v. Coy*, 19 F.3d 629, 632 (11th Cir. 1994)). Additionally, Petitioner's references to ineffective assistance of counsel in his reply are "bald and conclusory" and therefore insufficient, even if the Court were to consider arguments first raised in reply. *Id.* (citing *Univ. of Alabama Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1280 n.7 (11th Cir. 2012)). Accordingly, after considering the arguments *de novo*, the Court adopts the Report's well-reasoned analysis on Ground 2.

C. Ground 3

Upon *de novo* review, the Court agrees with the Report and denies the Petition as to Ground 3. Petitioner's third ground for seeking habeas relief argues that his sentence was illegal because juvenile sentencing laws enacted after his conviction make his sentence "grossly disproportionate" to other juvenile offenders. Rep. at 34. In his Objections, Petitioner "relies on the arguments as presented in the reply" and cites one additional case as a point of comparison: *Kitchen v. Whitmer*, No. 18-11430, 2022 WL 2898633 (E.D. Mich. July 21, 2022). Obj. at 5. In *Kitchen*, the juvenile offender was able to establish through expert testimony that his sentence qualified as a de facto

life sentence because the sentence provided the opportunity for release only four to five years prior to his expected death. *Id.* Petitioner maintains that this case "underscores the unreasonableness of denying Reyes's claim without a hearing and disparate treatment of like individuals." *Id.* The Court disagrees. There is no argument that Petitioner has a similar life-expectancy as the juvenile offender in *Kitchen*, and Petitioner's conclusory assertions fail to relate this case back to the arguments in his Petition.

The Report correctly outlines the updates in relevant caselaw following Petitioner's sentencing. *See* Rep. at 34–36. Petitioner does not dispute this recitation of the law, and the Court finds no clear error. Indeed, Petitioner does not argue that his sentence should be changed pursuant to updates in relevant caselaw. Instead, he maintains that because of the new juvenile sentencing laws, his sentence is now excessive and grossly disproportionate compared to other juvenile offenders, and this disproportionate treatment renders his sentence unconstitutional. *Id.* at 36. As the Report points out, "Petitioner has not identified any case applying this disproportionality principle to a similar context. He has not identified any case addressing a sentence of similar length to his. He has not identified a case addressing disparities arising from subsequent changes in sentencing law." *Id.* at 39.

Accordingly, the Court agrees with the Report that Petitioner has not shown that the state court's decision was "contrary to" clearly established federal law. *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010)). Thus, after carefully reviewing the Objections *de novo*, the Court agrees with the Report and the Petition must be denied as to Ground 3.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 13], is **AFFIRMED AND ADOPTED**.

2. Petitioner's Petition [ECF No. 1] is **DENIED**.

3. Any request for a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right"); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that [] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted)).

4. Further, any request for an evidentiary hearing is **DENIED**. Petitioner has failed to demonstrate the existence of any basis to warrant an evidentiary hearing. *See Martinez v. Sec'y, Fla. Dep't of Corr.*, 684 F. App'x 915, 926 (11th Cir. 2017) (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)) ("[T]he district court need not conduct an evidentiary hearing if the record refutes the petitioner's factual allegations, otherwise prevents habeas relief, or conclusively demonstrates that the petitioner was not denied effective assistance of counsel.").

5. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

6. Accordingly, this case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 30th day of April, 2023.

RODOLFO A. RUIZ II
**UNITED STATES DISTRICT JUDGE**